UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:15-cv-0348-JMS-DKL |
| | ) |
| OFFICER GILBERT, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Denying Defendants' Motion For Summary Judgment, Denying Plaintiff's Motion to Amend, and Directing Further Proceedings**

**I. Motion for Summary Judgment**

Plaintiff Robert Taylor ("Mr. Taylor") is a federal inmate formerly confined at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"). After screening the complaint and dismissing some claims, the Court determined that Mr. Taylor's claims of excessive force would proceed against Officers Gilbert, Griffen, Lutz, and Tarrh (the "Defendants").

The Defendants have filed a motion for summary judgment arguing that Mr. Taylor's claims are barred because he failed to exhaust his available administrative remedies. Mr. Taylor has opposed the motion for summary judgment and the Defendants have replied. The Defendants supplemented their motion as directed by the Court, and Mr. Taylor responded to the supplement. The motion is ripe for ruling.

For the reasons explained in this Entry, the Defendants' motion for summary judgment [dkt. 34] is **denied.**

### A. Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The Court must consider the issue of exhaustion before reaching the merits. *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999) ("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

### B. Discussion

#### 1. Undisputed Facts

The following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Taylor as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000).

The Bureau of Prisons ("BOP") has promulgated an administrative remedy system which is codified in 28 C.F.R. § 542.10, *et seq.*, and BOP Program Statement 1330.18, Administrative Remedy Program. The administrative remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. 28 C.F.R. § 542.10. To exhaust his remedies, an inmate must first file an informal remedy request through an appropriate institution staff member via a BP-8, prior to filing a formal administrative remedy request with the Warden, Regional Director, and General Counsel.

If the inmate is not satisfied with the informal remedy response (BP-8), he is required to address his complaint at the institutional level with the Warden via a BP-9 form. 28 U.S.C. § 542.14. If the inmate is dissatisfied with the Warden's response to his BP-9, he may appeal to the Regional Director via a BP-10. 28 C.F.R. § 542.15. If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel/Central Office via a BP-11. 28 C.F.R. § 542.15. Once an inmate receives a response to his appeal from the General Counsel/Central Office, after filing administrative remedies at all required levels, his administrative remedies are deemed exhausted, as to the specific issue(s) properly raised therein.

See BOP Program Statement, Administrative Remedy Program, 1330.18, available at http://www.bop.gov/policy/progstat/ 1330_018.pdf.

An exception to the initial filing requirement at the institutional level exists "[i]f the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution…." *See* 28 C.F.R. § 542.14(d)(1). In a "sensitive" filing, the inmate may submit the initial request directly to the Regional Director (sensitive BP-10). The submission must contain the word "sensitive" and contain a written explanation of the inmate's reasoning for not following the normal submission process of filing at the institutional level. *Id.* If the Regional Administrative Remedy Coordinator agrees that the request is sensitive, the request will be accepted and processed accordingly. *Id.* Otherwise, the request will be rejected and the inmate will be notified of the rejection in writing. *Id.*

Mr. Taylor alleges in his complaint that on November 12, 2014, prison officers were going to place a cell-mate in his cell who had severe mental health problems. Dkt. 1, p. 4. Mr. Taylor asked the officers to not bring the other inmate into his cell. The defendant officers allegedly opened Mr. Taylor's cell door and assaulted him, causing injuries to his back, neck, jaw, wrist and arms.

Mr. Taylor filed a number of administrative remedy requests between the date of the alleged assault on November 12, 2014, and the date this action was filed on November 4, 2015. Several of the requests related to this incident, but the Court finds that only one needs to be discussed in this Entry.

Mr. Taylor filed Remedy #801341-R1 alleging staff misconduct on November 13, 2014. Dkt. 1-1, p. 9. Mr. Taylor filed it at the Regional Level (BP-10) as a "sensitive" filing. *Id.*

Mr. Taylor's sensitive filing was rejected on November 14, 2014, because it was not considered a sensitive issue. *Id.* The response stated, "The issue you raised is not sensitive. However, we retained your request/appeal according to policy. You should file a request or appeal at the appropriate level via regular procedures." *Id.* Mr. Taylor appealed that determination by filing a BP-11 on December 8, 2014. Dkt. 1-2, p. 1. The appeal, #801341-A1, was denied on February 4, 2015, apparently for four reasons. *Id.* First, Mr. Taylor was informed that he "did not submit the proper number of continuation pages with your request/appeal. 2 - Warden's Level; 3- Regional Level; and 4- Central Office Level. The number cited includes your original." *Id.* Second, he "did not submit a complete set (4 carbonized sheets) of the request (BP-9) or appeal (BP-10 or BP-11) form. (CIRCLE ONE)." (Note: none was circled). Third, "you must first file a BP-9 request through the institution for the Warden's review and response before filing an appeal at this level." Fourth: "Concur with rationale of Regional Office and/or Institution for rejection. Follow directions provided on prior rejection notices." *Id.*

### 2. Analysis

In response to the Defendants' motion for summary judgment asserting that Mr. Taylor failed to exhaust his available administrative remedies, Mr. Taylor argues that the administrative remedy process was not available to him. The Court acknowledges that "a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

The Seventh Circuit has distinguished forfeiture from unavailability. "[W]hen the prisoner causes the unavailability of the grievance process by simply not filing a grievance in a timely manner, the process is not unavailable but rather forfeited. On the other hand, when prison

officials prevent inmates from using the administrative process detailed in the Code of Federal Regulations, the process that exists on paper becomes unavailable in reality." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006), *see also Dole,* 438 F.3d at 811 (Seventh Circuit focused on whether it was the prisoner's conduct or prison officials' conduct that was responsible for any deficiency in completing the grievance procedure).

The whole point of allowing a "sensitive" remedy and bypassing the Institutional Level is to accommodate situations in which an inmate "reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution." 28 C.F.R. 542.14(d)(1). Given the allegations of excessive force that were being lodged against four correctional officers employed at the institution, Mr. Taylor reasonably believed that his safety would be placed in danger by filing a grievance against those officers within the institution.

Mr. Taylor filed Remedy #801341-R1 as "sensitive" at the BP-10 because he thought it was the appropriate place to file it. It was denied at that level because it was determined that it was not a "sensitive" grievance. The rejection notice did not explain any rationale for why the matter was not deemed "sensitive," but it did instruct Mr. Taylor to "file a request or appeal at the appropriate level via regular procedures." Dkt. 1-1, p. 9. The proper place for him to file his appeal was with the Central Office. 28 C.F.R. § 542.15(b). Mr. Taylor appealed the BP-10 denial by filing a BP-11 with the Central Office, #801341-A1. His BP-11 appeal was denied on February 4, 2015. "Appeal to the General Counsel is the final administrative appeal." 28 C.F.R. § 542.15(a). The Court finds that it was the prison officials, not Mr. Taylor, who prevented him from completing the grievance process when they denied his "sensitive" grievance and appeal. In

that respect, when he had a reasonable belief that his safety would be placed in danger by filing his grievance at the prison, the grievance process was made unavailable to him.

The Court also notes that in his filing of September 22, 2016, Mr. Taylor alleges that on one occasion, he attempted to exhaust his administrative remedies by submitting a BP-9. Defendant Lutz "came to plaintiff's cell door in the SHU, tore up the BP-9 in plaintiff's presence and told him, 'Nigger you like to write. I'll kill your ass back here if you try filing on me again old nigger.'" Dkt. 44, p. 3. At the very least this allegation substantiates Mr. Taylor's reasonable belief that his safety was placed in danger by having his grievance known by at least one of the Defendants at the institution. A number of courts have concluded that threats of violence by prison officials can render the administrative process "unavailable." *See Tuckel v. Grover,* 660 F.3d 1249, 1252-53 (10th Cir. 2011) (joining the Seventh and other circuits in holding that 'when a prison official inhibits an inmate from utilizing an administrative process through threats or intimidation, that process can no longer be said to be 'available'"); *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008) ("a prison official's serious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance make the administrative remedy 'unavailable'"); *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006) ("threats or other intimidation by prison officials may well deter a prisoner of 'ordinary firmness' from filing an internal grievance'") (quoting *Hemphill v. New York,* 380 F.3d 680, 688 (2d Cir. 2004)). Viewing the evidence in a light most favorable to Mr. Taylor, the Court finds that he did exhaust his "available" remedies.

Because exhaustion of administrative remedies is an affirmative defense, "the burden of proof is on the prison officials," *Kaba,* 458 F.3d at 681, to demonstrate that Mr. Taylor failed to exhaust all available administrative remedies before he filed this suit. The Defendants have not

satisfied their burden under these circumstances. The affirmative defense of failure to exhaust is therefore **rejected**. The Defendants' motion for summary judgment [dkt. 34] is **denied.**

## II.  Motion to Amend

The plaintiff's motion to amend/correct the complaint has been considered. The Defendants have opposed the motion to amend by arguing that the proposed amended complaint is futile because it merely restates facts that were already presented in the original complaint.

The amended complaint includes the Eighth Amendment excessive force claim and seeks to add an assault and battery claim under 18 U.S.C. § 113, which is a federal statute defining "assaults within maritime and territorial jurisdiction." Assuming that this criminal statute does not create a private cause of action, *see Risley v. Hawk,* 918 F.Supp. 18, 21 (D. D.C. 1996), *aff'd* 108 F.3d 1396 (D.C.Cir. 1997), it certainly would not add anything of substance and therefore any attempt to add such a claim would be futile.

The amended complaint also purports to add a conspiracy claim under the Eighth Amendment. Any intended "conspiracy" claim would be superfluous. It does not add any substance to the more applicable Eighth Amendment excessive force claim, and all of the officers are state actors. The function of 42 U.S.C. § 1985(3) (conspiracy) is to permit recovery from a private actor who has conspired with state actors. *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009) ("All defendants are state actors, so a § 1985(3) claim does not add anything except needless complexity.").

For these reasons, Mr. Taylor's motion to amend complaint [dkt. 43] is **denied.**

## III. Further Proceedings

To summarize the rulings in this Entry, the Defendants' motion for summary judgment [dkt. 34] is **denied.** The plaintiff's motion to amend/clarify complaint [dkt. 43] is also **denied.**

The pretrial schedule for the further development of Mr. Taylor's claims on the merits is as follows:

**A. No later than December 16, 2016 -** The Plaintiff shall serve on the Defendant(s) his settlement demand, explaining on what terms or amount of money he would agree to resolve this case without further litigation. The Defendant(s) must respond in writing within 21 days. Neither the Plaintiff's demand nor the Defendant's response shall be filed with the Court.

**B. Not later than February 1, 2017** - The parties shall complete written discovery and discovery depositions pursuant to Rules 26 through 37 and 45 of the *Federal Rules of Civil Procedure*. This means discovery must be served 30 days before the deadline to allow time for a response.

**C. No later than December 1, 2016** – Each party must tell the other parties if it intends to use any testimony by expert witnesses. At that time, if a party intends to use an expert, it must give the other party a signed report from the expert that presents all the witness' opinions and all the other information required by Federal Rule of Civil Procedure 26(a)(2). Thirty days later, the other side must file a report by any rebuttal expert.

**D. No later than March 1, 2017** – Any party who believes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, and therefore the case does not need to go to trial, must file its motion under Federal Rule of Civil Procedure 56 and Local Rule 56-1.

**E.** If the case is not resolved by settlement, motion, or other ruling, the Court will set a trial date.

**IT IS SO ORDERED.**

Date: __10/13/2016__

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert Taylor, #04699-054, Terre Haute – USP, Inmate Mail/Parcels, P. O. Box 33, Terre Haute, IN 47808

Electronically registered counsel