UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ROBERT TAYLOR,

        Plaintiff,

v.

OFFICER GILBERT, et al.,

        Defendants.

Cause No. 2:15-cv-0348-JMS-MJD

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

    Comes now Robert Taylor, by counsel, pursuant to Federal Rules of Civil Procedure 37(a)(3) and Rule 26(b) and hereby requests that the Court compel Defendants to provide responsive answers to interrogatories as required by the Federal Rules of Civil Procedure.

    In support of this motion, it is shown to the court as follows:

    1.    Undersigned counsel was recently appointed pro bono counsel in this matter, specifically, to represent Plaintiff Mr. Taylor at a *Pavey* hearing scheduled for May 8, 2017.

    2.    Pursuant to the Court's scheduling order, Plaintiff timely filed his preliminary witness list on February 17, 2017 in accordance with the Court's order. After repeated requests from Plaintiff, Defendants filed their preliminary witness list on March 16, 2017, almost 30 days after the deadline.

    3.    Plaintiff propounded a single Interrogatory to Defendants on March 24, 2017, eight days after the Defendants filed their preliminary witness list, which asked Defendants to respond within 14 days by identifying all witnesses expected to testify at the *Pavey* hearing, and "provide a description of the facts about which each witness will testify." **(Exhibit A)**

Defendants did not respond or object to the interrogatories within 14 days, nor did they object to the time frame for providing a response.  After Plaintiff brought the fact that the answers were overdue to Defendants' attention, Defendants responded by simply referring to their witness list. [Dkt 85]  **(Exhibit B)**

      4.     Defendants' witness list (preliminary and/or final) only provides the general topic about which the witness may testify and sets forth absolutely no facts to which they will testify. Defendants' response to interrogatories does not provide any material facts about which any of Defendants' witnesses will testify, although Plaintiff does acknowledge that one witness, Coulton, previously provided a declaration in support of Defendants' motion for summary judgment.

      5.     Plaintiff would note that when Defendants filed their preliminary witness list on March 16, 2017, Defendants' preliminary witness list identified "Rick Winter or another BOP official from the North Central Regional Office to testify about administrative remedies received and processed at the North Central Regional Office."  On their final witness list, filed April 17, 2017, Defendants removed Winter and identified Mary Noland as an attorney with the North Central Regional Office who will testify about administrative remedies received and processed at the North Central Regional Office and **the handling of sensitive remedies."**  The handling of sensitive remedies was added, and Plaintiff requests discovery on this issue as Plaintiff assumes that it is directly related to Robert Taylor's testimony regarding the fact that he believed his safety and well-being were in jeopardy if the appeal was not handled in a sensitive manner, which is one of the bases for his failure to exhaust administrative remedies.  Plaintiff has been informed that Ms. Noland will not provide expert testimony.

6. At the April 19, 2017 status conference, Plaintiff advised Defendants and Magistrate Dinsmore of his position regarding his request for focused and specific discovery from Ms. Noland on this issue only, and Magistrate Dinsmore recommended that the issue should be addressed with a motion directed to Judge Magnus-Stinson if the parties were unable to resolve the issues. Upon inquiry at the status conference, undersigned counsel specifically asked if Ms. Noland was going to testify as to 'the handling of sensitive remedies' in general, or as to the handling of the Plaintiff's request for sensitive handling, and Defendants' counsel stated that she would be testifying as to Plaintiff's request for sensitive submission.

7. Plaintiff also requested that Defendants respond to his previously served discovery requests, which had been stayed by the court, except as to discovery relevant to the *Pavey* hearing. On January 23, 2017, Defendants responded to Plaintiff's discovery by providing documents, however, Defendants did not respond to any of Plaintiff's then pending interrogatories.

8. On March 24, 2017, counsel for Plaintiff requested that Defendants respond to the following discovery as related to issues associated with the *Pavey* hearing: Requests for Production 3 through 11 and Interrogatories 6, 11, 12, 15, 16, 18 and 19. **(Ex. A, C)**

9. On March 29, 2017, counsel for Defendants responded that the individual Defendants do not possess any responsive documents, but that counsel previously provided responsive documents and the Bureau of Prisons recently responded to Plaintiff's Tuohy request. There was no response with respect to the requested interrogatories.

10. Plaintiff's counsel again inquired on April 20, 2017 about Defendants' responses to the requested interrogatories, to which counsel for Defendants responded that they will consider whether the interrogatories are related to the *Pavey* hearing and "get back to you as

3

soon as possible." On April 23, 2017, counsel for Defendants stated that Defendants would answer only Interrogatories 18 and 19, but as of this filing, Defendants have not answered Interrogatories 18 and 19.

11. Plaintiff made a request for a 'meet and confer' with Defendants. Despite due diligence on the part of the parties, the meet and confer was not able to be scheduled until Friday, April 28 at 2:30 in the afternoon, during which counsel for Plaintiff, Mary Nold Larimore and Nancy Menard Riddle, and counsel for Defendants, Shelese Woods and Rachana Fischer, discussed discovery issues set forth in this Motion. Plaintiff was unable to reach a resolution with respect to the Defendants' Answers to the various Interrogatories. Defendants' counsel stated that Defendants would not supplement the interrogatory regarding facts to which the witnesses will testify, taking the position that Plaintiffs should have deposed all four (4) of the Defendants' witnesses. As to the other interrogatories, Defendant's counsel stated it needed time 'to think it over' and talk with their clients. Given the lack of any time frame for providing Plaintiff with a response and the fact that the *Pavey* hearing is in seven (7) days, Plaintiff's Motion to Compel encompasses pending issues as to both sets of interrogatories.

12. The Federal Rules of Civil Procedure give Plaintiff (and his pro bono counsel) the option of pursuing discovery in different ways, and the fact that a deposition could have been taken does not excuse Defendants from providing responsive information to interrogatories. In *EEOC v. Jewel Food Stores, Inc.*, 231 F.R.D. 343 (N.D. IL 2005), the court rejected the argument that the defendant did not need to respond to an interrogatory that required the defendant to identify each person with knowledge relating to the allegations, claims and defenses, and "for each person describe in detail what knowledge or information each person is believed to have." The court held that this is the kind of information that is commonly sought

through interrogatories, and that the use of interrogatories for this purpose "has the salutary effect of streamlining discovery," and helps achieve the goal of Rule 1: "securing the just speedy and inexpensive determination of lawsuits." The court held that it is well settled that the substance of the information possessed by witnesses and the statements that they have made are discoverable through the use of interrogatories. The fact that the interrogatory either requires a narrative response or requests information that could have been obtained through a deposition is not grounds for an objection. Magistrate Dinsmore agreed with the reasoning of the court in *EEOC, supra,* in *Slabaugh v. State Farm*, 2013 WL 477206 (S.D. IN 2013), when he overruled the objection to interrogatories that sought to discover what a witness knows, agreeing that it was not an improper interrogatory because it called for a "narrative" response. Magistrate Dinsmore also rejected the position that facts known to the witness were protected by a work product privilege.

13. This request is timely brought after receiving Defendants' interrogatory answers and after first learning of Ms. Noland's potential testimony. Plaintiff has requested limited discovery in the form of complete answers to interrogatories that set forth all facts upon which the witness will testify. Plaintiff would have also requested that the court issue an order requiring Defendant's witnesses respond to a subpoena duces tecum for production of documents relating to the facts to which they will testify at the hearing, *but for* Defendants' counsel's repeated assertions that there are no additional documents relating to the rejection of Plaintiff's administrative remedy request or documents relating to BOP criteria and/or policies and practices relating to handling of a sensitive remedy request and the issuing of rejection notices, other than the Program Statement, which was produced.

WHEREFORE, Plaintiff requests that the Court compel Defendants to provide a full and complete response to the Interrogatory served March 24, 2017 **(Ex. A)** and Interrogatories 6, 11, 12, 15, 16, 18 and 19 **(Ex. C)**.

Respectfully submitted,

ICE MILLER LLP

*s/ Mary Nold Larimore*
Mary Nold Larimore
T: 317-236-2407 | F: 317-592-4688
Email:  Larimore@icemiller.com
Nancy Menard Riddle
T: 317-236-2189 | F: 317-592-4740
Email:  Nancy.Riddle@icemiller.com
One American Square, Suite 2900
Indianapolis, IN  46282-0200

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the foregoing has been served on all counsel of record this 1st day of May, 2017, by the Court's electronic filing system.

*s/ Mary Nold Larimore*
Mary Nold Larimore