UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT TAYLOR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER GILBERT, et al., )<br>)<br>Defendants. ) | No. 2:15-cv-00348-JMS-MJD |

**Entry Discussing Emergency Motion for Protection and Transfer,
Motion for Evidentiary Hearing, and Motion for Court to Investigate**

**I. Emergency Motion for Protection and Transfer**

On September 19, 2017, plaintiff Robert Taylor filed, by counsel, an emergency motion for protection and transfer. He alleges that on September 8, 2017, he was falsely charged with verbally threatening a staff member at the USP Terre Haute in retaliation for filing this lawsuit and because he provided another inmate with a supportive affidavit after he witnessed the inmate being beaten. Mr. Taylor was placed in the SHU on administrative detention status pending an investigation of the incident report and remains in the SHU as of the date of his filings.

The record shows that an incident report was written after Mr. Taylor cursed and threatened an officer, not a defendant in this action, who had searched Mr. Taylor's cell and confiscated extra personal property. Dkt. 120, p. 2. The reporting officer stated that Mr. Taylor told him that he was "going to get a hold of his lawyer and file on me." Dkt. 120-2. The officer told him to "go ahead and file." *Id.* Mr. Taylor then said, "You f---d with the wrong one. F--- with me and see what happens." *Id.* After he was cuffed and escorted down the hall, Mr. Taylor said, "Just wait 'til I get out of the SHU. Just wait." *Id.* The officer wrote that he feared that Mr.

Taylor might "try to assault me when he is released back into population due to his last threatening comment." *Id.* A disciplinary hearing was conducted on the charge of threatening and the charge was reduced to "insolence towards a staff member." Dkt. 128. On October 3, 2017, the charge was resolved and expunged via an informal resolution. Dkt. 125-1. The disciplinary procedures were thereby appropriate and effective in addressing Mr. Taylor's due process concerns relating to the incident report.

Mr. Taylor has also reported to his attorneys that he believes his life will be put in danger because prison officers want to place him in a cell with a violent mentally ill prisoner. Mr. Taylor is currently in a single cell and has not been placed with the other inmate. Through the emergency motion for protection and transfer, Mr. Taylor requests that the Court transfer him to a different penal institution while he exhausts his administrative remedies and pursues his retaliation claims.

Mr. Taylor's request for an emergency transfer is responded to by the defendants as a request for mandamus relief. "[T]he unequivocal violation of a statute or regulation imposing a duty on a federal official can be rectified by mandamus-an order 'to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Samirah v. Holder,* 627 F.3d 652, 661 (7th Cir. 2010) (quoting 28 U.S.C. § 1361). "Mandamus relief may be ordered only if three conditions are present: (1) the plaintiff has a clear right to the relief sought; (2) the defendant has a duty to do the act in question; and (3) no other adequate remedy is available." *Omogiate v. I.N.S.,* 61 Fed.Appx. 258, 263 (7th Cir. 2003) (citing *Iddir v. I.N.S.*, 301 F.3d 492, 499 (7th Cir. 2002)). Mandamus is "an extraordinary remedy." *Scalise v. Thornburgh,* 891 F.2d 640, 648 (7th Cir. 1989). The duty owed to the plaintiff must be "plainly

defined and peremptory." *Id.* Matters left to the discretion of the federal official in question do not warrant mandamus relief. *Id.*

As pointed out by the defendants, the claims before the Court in this action are claims of excessive force. The defendants are four correctional officers sued in their individual capacities for money damages. The defendants do not have the authority to decide issues of inmate transfers.

The Bureau of Prisons ("BOP") is not a defendant in this action. Even if an appropriate federal official could be joined in this action if mandamus relief were warranted, however, Mr. Taylor has not established that he has a clear right to a transfer to another prison. Prison administrators "must be accorded wide-ranging deference in the . . . execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Pardo v. Hosier*, 946 F.2d 1278, 1280-81 (7th Cir. 1991) (internal quotations omitted). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002); *Meachum v. Fano,* 427 U.S. 215, 224 (1976) ("The Constitution does not "guarantee that the convicted prisoner will be placed in any particular prison"); *see also Olim v. Waukinekona*, 461 U.S. 238, 244-46 (1983) (holding that a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request.); *Isby v. Brown,* 856 F.3d 508, 524 (7th Cir. 2017) ("Prisoners do not have a constitutional right to remain in the general population.").

Not only does Mr. Taylor not have a clear right to be transferred in accordance with his request, he has other ways of presenting his request for a transfer, as described in the defendants' response to the motion to transfer inmate. Dkt. 120, p. 6. Mr. Taylor alleges that he has, in fact,

requested a transfer to a different facility. Dkt. 115. He should continue to follow the procedures established by the BOP in that regard. Decisions regarding inmate transfers are made at the Designation and Sentencing Computation Center in Grand Prairie, Texas. Dkt. 120-1, ¶ 7. It is hoped that the BOP is giving serious consideration to Mr. Taylor's concerns in addition to all of the other factors that are considered when deciding where inmates are confined.

In sum, Mr. Taylor lacks a clear right and the defendants have no authority or duty with regard to a specific transfer to a different facility. He has other avenues to pursue in this regard. The Court cannot intervene in the management of the prison within the context of this case by ordering the BOP to transfer Mr. Taylor to a particular cell or to any other facility.

The additional emergency component of the motion, that being Mr. Taylor's fear of the other inmate with whom he was going to be celled, has been avoided by virtue of the fact that Mr. Taylor has not been celled with him. If prison officials again indicate to Mr. Taylor that he is going to be placed with a dangerous inmate, Mr. Taylor must continue to make his specific concerns known to the proper prison officials. Those circumstances, however, fall outside the scope of this action.

To the extent Mr. Taylor feels bolstered by his recent litigation and the support he has received through counsel, he should not interpret that as any empowerment over those who must try to maintain order in prison. "Guards and inmates co-exist in direct and intimate contact. Tension between them is unremitting. Frustration, resentment, and despair are commonplace. Relationships among the inmates are varied and complex . . . ." *Wolff v. McDonnell*, 418 U.S. 539, 562 (1974). It is incumbent on both prison guards and inmates to act in ways that tend to reduce rather than escalate the difficult circumstances that exist in prison.

One other issue remains. The Court is concerned that in the course of the shakedown of his cell, "all of his personal property, legal papers, and legal ledgers were confiscated." Dkt. 128, p. 2. Mr. Taylor must be allowed to have the papers he needs to assist his counsel in representing him on the merits of his claims in this action. **Counsel for the defendants shall make sufficient inquiries with the prison to determine what property was confiscated and what property Mr. Taylor has been allowed to keep in his possession, and ensure that Mr. Taylor is allowed to keep all papers that relate to this case. Counsel is requested to then report to Mr. Taylor's counsel the substance of those inquiries and the result.** The Court expects that the issue of Mr. Taylor's retention of his legal papers in his cell will not have to be addressed further in this case.

For the above reasons, Mr. Taylor's emergency motion for protection and transfer to another facility, dkt. [115], is **denied.** To the extent Mr. Taylor's motion relates to his legal papers being confiscated from his cell, dkt. [115], it is **granted** consistent with the directions issued above to defendants' counsel.

## II. Motions for Evidentiary Hearing and to Investigate

Mr. Taylor's motion for evidentiary hearing on his emergency motion, dkt. [124], is **denied as moot.**

Mr. Taylor's *pro se* letter filed on October 5, 2017, alleges that he was assaulted and called a "snitch" by Lt. Tussy on January 2, 2017. He asks the Court to investigate and refer this matter to the United States Attorney. Mr. Taylor's letter has been docketed as a motion for court to investigate. Dkt. 126. As has been made clear throughout this Entry, the claims before the Court in this case are those that arose on or about November 12, 2014, when Mr. Taylor was allegedly assaulted by the four defendants. Other instances of alleged misconduct on the part of

different prison officers cannot be joined in this case. Litigation is a process by which every step must be taken in accordance with the *Federal Rules of Civil Procedure* and with other pre-filing requirements. The Court does not investigate claims or issues raised by the parties nor does it refer matters to other agencies.

Accordingly, Mr. Taylor's *pro se* motion to investigate, dkt. [126], is **denied.**

**IT IS SO ORDERED.**

Date: 10/27/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT TAYLOR
04699-054
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE
rachana.fischer@usdoj.gov

Mary Nold Larimore
ICE MILLER LLP
larimore@icemiller.com

Nancy Menard Riddle
ICE MILLER LLP
nancy.riddle@icemiller.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov