UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-00348-JMS-MJD |
| | ) | |
| GILBERT, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Interested Party. | ) | |

**ORDER ON MOTION TO COMPEL**

This matter is before the Court on Plaintiff's *Motion to Compel and for Sanctions Against Bureau of Prisons Terre Haute Indiana for Failure to Respond to Discovery and Produce Memorandum of Hector Rivera*. [Dkt. 163.] For the reasons set forth below, the Court **DENIES** Plaintiff's Motion.

**I.    Background**

Plaintiff, Robert Taylor ("Taylor"), is a federal prisoner, who was incarcerated at the United States Penitentiary – Terre Haute ("USP – Terre Haute") at the times relevant to this lawsuit. He brings this lawsuit under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). He alleges violations of his Eighth Amendment rights. Specifically, he alleges that four officers assaulted him on November 12, 2014, and January 26, 2015, while he was housed in the Special Housing Unit ("SHU") of the USP-Terre Haute.

1

Plaintiff has served multiple *Touhy* requests[1] upon non-party Federal Bureau of Prisons ("BOP"). The BOP objected to producing certain documents, asserting the documents are protected by law enforcement investigatory privilege and deliberative process privilege. Plaintiff disputes the BOP's claim of privilege and seeks an order compelling the production of a portion of the documents. Plaintiff further seeks sanctions in relation to the BOP's Rule 30(b)(6) deposition, contending that the witness was not prepared to testify about topics identified in the notice. The Court obtained copies of the documents at issue and reviewed them *in camera* as part of its decision on this motion.

## II. Discussion

Prior to addressing the merits of Plaintiff's Motion, the Court will address the BOP's contention that the motion is improper. The BOP asserts that to challenge an agency's response to a *Touhy* request, Plaintiff must bring a separate direct action in federal court against the BOP under the Administrative Procedures Act ("APA"). [Dkt. 174 at 5.] The BOP's contention is correct only when the underlying action resides in state court. When a state court litigant seeks documents from a non-party federal government agency, the government is shielded by sovereign immunity, which prevents the state court from enforcing the subpoena. *Houston Business Journal, Inc. v. Office of the Comptroller,* 86 F.3d 1208, 1211-12 (D.C. Cir. 1996). "If the agency refuses to produce the requested documents, the sole remedy for the state-court litigant is to file a collateral action in federal court under the APA. . . A federal-court litigant, on

---

[1] The term "*Touhy* request" comes from the Supreme Court decision, *United States ex rel. Touhy v. Regan*, 340 U.S. 462 (1951). In that case, the Supreme Court ruled that an FBI agent could not be held in contempt for refusing to obey a subpoena based on instructions given to him by the Attorney General of the United States pursuant to the regulations that the Department of Justice has enacted under the Federal Housekeeping Statute. Because Federal Housekeeping regulations specify the requirements to make a request for information from a federal agency, those requests are consequently referred to as *Touhy* requests.

the other hand, can seek to obtain the production of documents from a federal agency by means of a federal subpoena. In federal court, the federal government has waived its sovereign immunity, *see* 5 U.S.C. § 702, and neither the Federal Housekeeping Statute nor the *Touhy* decision authorizes a federal agency to withhold documents from a federal court." *Houston Business Journal, Inc*., 86 F.3d 1208, 1212; s*ee also Ceroni v. 4Front Engineered Sols., Inc.*, 793 F. Supp. 2d 1268, 1275 (D. Colo. 2011).

Having determined the motion is proper, the Court must address the appropriate standard of review. There is a split among the circuits as to how to evaluate non-party subpoenas to federal agencies. Although the Seventh Circuit has yet to address the issue, the Eastern District of Wisconsin recently offered this overview:

> The District of Columbia and Ninth Circuits hold that this issue should be assessed using FRCP 26 and 45. This is the same, relatively low, bar for discovery that is applied to every civil litigant, and centers on the subpoenaed party's claim of privilege, undue burden, or lack of relevance. Conversely, the Fourth and Eleventh Circuits maintain that an agency's refusal to comply with a subpoena is entitled to more deference. The standard they apply comes from the Administrative Procedures Act ("APA"), which provides that the agency's decision cannot be disturbed unless it was arbitrary or capricious. 5 U.S.C. § 706(a)(A).

*Estate of Williams v. City of Milwaukee*, 2017 WL 1251193, at *2 (E.D. Wis. 2017). Noting that analysis under the discovery rules is the "more modern" standard, the court elected not to choose, finding instead that the motion at hand must be granted even under the more restrictive APA standard. *Id*. In this case, the Court finds the converse is true: even under the more liberal discovery standard, the motion must be denied because the documents at issue are either privileged or not relevant to Plaintiff's lawsuit.

### A. <u>Rivera Memo</u>

This five-page memorandum was prepared by Hector Rivera, an agent with the Office of Internal Affairs ("OIA"), following the investigation into the alleged incidents. The BOP asserts the Rivera Memo includes a summary of Agent Rivera's investigation, his mental impressions, and his recommendation to the Supervisor Agent. [Dkt. 174 at 10.] It was pre-decisional and deliberative, as opposed to the agency's final decision, which was produced. Consequently, the BOP contends the memo is privileged pursuant to the law enforcement investigatory privilege and the deliberative process privilege. The BOP notes the Rivera Memo is the only document in the OIA investigative packet that it withheld from production. [Dkt. 174 at 10.]

Plaintiff asserts the BOP has not established that either privilege applies to the memo, or, in the alternative, that the privileges should be overridden based upon Plaintiff's need for the document. Plaintiff further disputes that the BOP properly preserved the privilege in its *Touhy* response letter. Addressing the last issue first, while the BOP did not use the term "law enforcement investigatory privilege" or "deliberative process privilege" in its response, it did note the reason for withholding the memo and cite the appropriate regulation:

> The BOP agrees to produce the file, and produces it contemporaneously with this letter, with the exception of one document in the file: a 5-page memorandum from Hector Rivera providing his summary of the investigation and recommendation. The document is pre-decisional and compiled for law enforcement purposes, and therefore privileged. The record is not subject to disclosure pursuant to 28 C.F.R. § 16.26(b)(5).

[Dkt. 163-6 at 2.]

The purpose of the law enforcement investigatory privilege "is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference in an investigation." *Jones v. City of*

4

*Indianapolis*, 216 F.R.D. 440, 444 (S.D. Ind. 2003) (internal citation omitted); s*ee also* 28 C.F.R. § 16.26(b)(5). Similarly, the deliberative process privilege protects communications that are part of a government agency's decision-making process. *U.S. v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). The privilege "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions' by protecting open and frank discussion among those who make them within the Government." *Department of Interior v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 8–9 (2001) (internal citation omitted).

While the BOP asserts both privileges apply, having reviewed the Rivera Memo *in camera* the Court finds the deliberative process privilege does not apply. The Memo contains primarily factual information in the form of interview summaries and descriptions of investigatory steps, rather than deliberative material. *See Anderson v. Marion County Sheriff's Dept*., 220 F.R.D. 555, 562-63 (S.D. Ind. 2004). As the document reveals the BOP's investigatory procedure and contains summaries of interviews with law enforcement personnel, the Court finds the Memo is protected by the law enforcement investigatory privilege.

The law enforcement investigatory privilege is not absolute. Such a finding can be overridden in appropriate cases by the need for the privileged materials. *See Dellwood Farms, Inc. v. Cargill, Inc.,* 128 F.3d 1122, 1125 (7th Cir. 1997). The balancing of that need—the need of the litigant who is seeking privileged investigative materials—against the harm to the government if the privilege is lifted "is a particularistic and judgmental task." *Dellwood Farms,* 128 F.3d at 1125.

In balancing the public interest in protecting police investigations against the needs of civil rights plaintiffs, the Court considers ten factors first announced in *Frankenhauser v. Rizzo,*

59 F.R.D. 339, 344 (E.D. Pa. 1973), which, "although not exhaustive, are useful in making this determination." *Tuite v. Henry,* 181 F.R.D. 175, 177 (D.D.C. 1998). These factors are:

(1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information;

(2) the impact upon persons who have given information of having their identities disclosed;

(3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure;

(4) whether the information sought is factual data or evaluative summary;

(5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question;

(6) whether the investigation has been completed;

(7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation;

(8) whether the plaintiff's suit is nonfrivolous and brought in good faith;

(9) whether the information sought is available through other discovery or from other sources; and

(10) the importance of the information sought to the plaintiff's case.

*Tuite,* 181 F.R.D. at 177, *citing Frankenhauser,* 59 F.R.D. at 344. The Court has "considerable leeway" weighing these factors in the undertaking of the essential balancing process. *Tuite,* 181 F.R.D. at 177.

Though Plaintiff evaluated each *Frankenhauser* factor in his initial brief, the BOP unwisely declined to refute those arguments in its response. Instead, the BOP relied upon its assertion of privilege without considering the fact that such privilege may be overridden. The Court applies the *Frankenhauser* factors as follows:

1. **The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information**

This factor weighs in favor of disclosure as the Rivera Memo involved only law enforcement personnel as opposed to citizen interviews.

2. **The impact upon persons who have given information of having their identities disclosed**

This factor weighs in favor of disclosure as the identities of the interviewees (Defendants in this action) have already been disclosed. The BOP has already produced copies of their signed statements. [Dkt. 174 at 9.]

3. **The degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure**

As the Rivera Memo outlines an internal affairs investigation, this factor weighs in favor of non-disclosure.

4. **Whether the information sought is factual data or evaluative summary**

As the Rivera Memo is an evaluative summary of Rivera's investigation, this factor weighs in favor of non-disclosure.

5. **Whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question**

Plaintiff is not a defendant in any criminal proceeding relating to the incident at issue, therefore this factor weighs in favor of disclosure.

6. **Whether the investigation has been completed**

The investigation into the incidents alleged by Plaintiff is complete. This factor weighs in favor of disclosure.

7. **Whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation**

The BOP has notified the Court of no ongoing disciplinary proceedings related to the OIA investigation against any of the Defendants, therefore this factor weighs in favor of disclosure.

**8. Whether the plaintiff's suit is nonfrivolous and brought in good faith**

With no evidence that this lawsuit is frivolous or brought in bad faith, this factor also weighs in favor of disclosure.

**9. Whether the information sought is available through other discovery or from other sources**

On this point, Plaintiff argues he has no independent access to information, given his status as an inmate. A significant ongoing discovery issue in this case has been whether the alleged incidents were captured on video, and, if so, what the video shows and whether it still exists. The BOP has consistently maintained no video footage exists of the incidents alleged by Plaintiff. Plaintiff contends the Rivera Memo "likely would include discussion regarding video footage of the 2014 and 2015 incidents" and is "the only means by which to learn if video footage existed, and, if it did, what the tape showed." [Dkt. 164 at 7.]

The Court's *in camera* review of the Rivera Memo does not support Plaintiff's position. The Memo contains summaries of Rivera's witness interviews (including each of the individual Defendants whose statements have already been produced to Plaintiff), steps taken during the IAO investigation, and Rivera's conclusions based upon the information gathered. There is no discussion of video footage in the Memo. Consequently, the Court finds this factor weighs in favor of non-disclosure.

**10. The importance of the information sought to the plaintiff's case**

Again, Plaintiff asserts the Memo likely contains important factual findings relevant to his civil rights claims he is unable to otherwise obtain. Having reviewed the Memo, the Court

disagrees. The BOP has produced the witness statements. Beyond these facts, already in Plaintiff's possession, the remaining content of the Memo (Rivera's investigatory process and conclusions based upon the investigation) is not significant to Plaintiff's case. Therefore, this factor weighs in favor of non-disclosure.

Having weighed each of the *Frankenhauser* factors, and in its broad discretion, the Court finds that the BOP need not produce the Rivera Memo. Although there are factors that weigh in favor of both disclosure and nondisclosure, the Court finds particularly persuasive the fact that the BOP produced the witness statements taken during the IAO investigation and the information that remains undisclosed is not of significant importance to Plaintiff's case. As the Rivera Memo is privileged, it may rightfully be withheld from discovery under Fed. R. Civ. P. 26(b)(1) and the BOP's decision to withhold it was not arbitrary and capricious. Accordingly, under either standard Plaintiff's motion to compel with regard to the Rivera Memo is **DENIED.**

### B. FOIA-Exempt Portion of Central File

The BOP produced Plaintiff's Central File, with the exception of the portion considered to be exempt from FOIA's disclosure requirements because they pertain to a law enforcement investigation. Although Plaintiff's briefing focused on the Rivera Memo, his request for relief includes the production of the FOIA-exempt portion of his Central File. The BOP maintains the FOIA-exempt documents are also protected by law enforcement investigatory privilege. Based upon the Court's *in camera* review of the documents, the Court finds the documents are privileged.

Whereas the Rivera Memo contained information relating to the OIA investigation into the incidents underlying Plaintiff's lawsuit, the FOIA-exempt portion of Plaintiff's file includes information relating to all aspects of Plaintiff's incarceration. The documents include

9

investigative reports into incidents involving Plaintiff unrelated to this lawsuit and inmate monitoring information that reveals information about other inmates. Given the irrelevance of the documents to Plaintiff's lawsuit, it is not necessary to analyze each *Frankenhauser* factor to determine whether the privilege should be overridden by Plaintiff's need for the documents. The FOIA-exempt portion of Plaintiff's Central File is both privileged law enforcement investigatory material and not relevant to Plaintiff's lawsuit. Therefore, as with the Rivera Memo, under both the discovery rules and the APA standard, Plaintiff's motion must be **DENIED** with regard to the FOIA-exempt documents.

### C. Rule 30(b)(6) Deposition

Plaintiff asserts the BOP should be sanctioned for its failure to provide a knowledgeable Rule 30(b)(6) witness and assessed with the costs associated with the deposition, including attorney's fees. Specifically, Plaintiff contends the witness (Mr. Monarez) was "woefully unprepared" and did not have personal knowledge of the search for video footage of the incidents at issue in the lawsuit. [Dkt. 164 at 11; Dkt. 163 at 2-3.] Having reviewed the deposition transcript provided by Plaintiff, the Court disagrees with Plaintiff's assessment.

While Mr. Monarez did not personally perform the search, he delegated the search to a technician and relied upon the technician's conclusion. [Dkt. 163-2 at 8.] Rule 30(b)(6) does not require the deponent to have personal knowledge of the search for recordings of Plaintiff. The notice sought information relating to the policies and procedures surrounding video recording at USP—Terre Haute, to which Mr. Monarez testified.[2] The Court finds no sanctionable conduct on the part of the BOP with regard to Mr. Monarez's deposition.

---

[2] The notice also sought testimony as to "all recordings of Robert Taylor, whether audio or video, at USP—Terre Haute." [Dkt. 163-1.] As the BOP maintains there are no recordings of Plaintiff, only policy and procedural topics remained.

### III. Conclusion

Based on the foregoing, Plaintiff's *Motion to Compel and for Sanctions Against Bureau of Prisons Terre Haute Indiana for Failure to Respond to Discovery and Produce Memorandum of Hector Rivera* [Dkt. 163] is **DENIED**.

Dated: 15 MAR 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

ROBERT TAYLOR
04699-054
FLORENCE - HIGH USP
FLORENCE HIGH U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 7000
FLORENCE, CO 81226

UNITED STATES OF AMERICA

Sean Tyler Dewey
ICE MILLER LLP
sean.dewey@icemiller.com

Rachana Nagin Fischer
UNITED STATES ATTORNEY'S OFFICE
rachana.fischer@usdoj.gov

Mary Nold Larimore
ICE MILLER LLP
larimore@icemiller.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov